Timothy M. Ryan, Bar No. 178059
tryan@theryanfirm.com
Michael W. Stoltzman Jr., Bar No. 263423
mstoltzman@theryanfirm.com
THE RYAN FIRM
A Professional Corporation
30 Corporate Park, Suite 310
Irvine, CA 92606
Telephone (949) 263-1800; Fax (949) 872-2211

Attorneys for Defendant Seterus, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| THOMAS MAY,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; SETERUS, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO.: 8:14-cv-00017-DOC (ANx)<br>Hon. David O. Carter<br><br>Superior Court Case No.: 30-2013-00688328-CU-MC-CJC<br><br>Unlimited Jurisdiction<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT SETERUS, INC. TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       March 10, 2014<br>Time:      8:30 a.m.<br>Ctrm.:     9D<br><br>Trial Date:  None set. |

**PLEASE TAKE NOTICE** that on March 10, 2014, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the above-titled court, located at 411 West Fourth Street, Santa Ana, California, defendant Seterus, Inc. ("Defendant" or "Seterus") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), to dismiss the complaint filed by plaintiff Thomas May ("Plaintiff" or "May") on the grounds that each of the following claims, contained therein, fail to state a claim upon which relief can be granted against Defendant:

1. The first claim for violation of California Civil Code § 1788.17;
2. The second claim for violation of 15 U.S.C. § 1692c, subd. (c);
3. The third claim for violation of California Civil Code § 1788.17;
4. The fourth claim for violation of 15 U.S.C. § 1692d, subd. (5);
5. The fifth claim for violation of California Civil Code § 1788.17;
6. The sixth claim for violation of 15 U.S.C. § 1692e, subd. (2)(a);
7. The seventh claim for violation of California Civil Code § 1788.11, subd. (d);
8. The eighth claim for violation of California Civil Code § 1788.11, subd. (e);
9. The ninth claim for negligent violation of 47 U.S.C. § 227; and
10. The tenth claim for willful and/or knowing violation of 47 U.S.C. § 227.

This motion is and will be based on the grounds that the complaint fails to state a claim upon which relief can be granted against Defendant. This motion is and will be based on this notice, the attached memorandum of points and authorities, on the papers and pleadings on file herein, and on such other and further argument and evidence as Defendant may proffer in support of this motion prior to or at the time of the hearing on the motion.

/ / /

| | |
|---|---|
| DATED:  January 27, 2014 | THE RYAN FIRM<br>A Professional Corporation<br><br>By:   /S/ Michael W. Stoltzman Jr.<br>      TIMOTHY M. RYAN<br>      MICHAEL W. STOLTZMAN JR.<br>      Attorneys for Defendant Seterus, Inc. |

**THE RYAN FIRM**
A Professional Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND SUMMARY

In the complaint filed by plaintiff Thomas May ("Plaintiff" or "May"), Plaintiff pleads several claims against defendant Seterus, Inc. ("Defendant" or "Seterus") and co-defendant Bank of America, N.A. ("BANA") for purported violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's companion statutory scheme, the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act").

Specifically, Plaintiff generally alleges that the defendants, collectively, violated the FDCPA and the Rosenthal Act by continuing to call Plaintiff to collect on a secured debt owed by Plaintiff despite Plaintiff purportedly informing the defendants that he had disputed the debt and did not wish to be contacted further. However, the claims plead in the complaint fail to state a claim upon which relief could be granted against Seterus for several reasons.

For example, the complaint fails to allege ultimate facts regarding the purported statutory violations by Seterus. Rather, Plaintiff simply groups all defendants together and generally concludes that all the defendants violated the above-referenced statutory schemes by making allegedly improper calls to Plaintiff. There are no allegations as to what acts were undertaken by each of the defendants, as separate entities.

Additionally, even if Plaintiff could get over this failure, Plaintiff is precluded from asserting any claim against Defendant based on the FDCPA, which does *not* apply to loan servicing companies like Defendant, who are statutorily exempt from complying with the FDCPA. Further, Plaintiff has also failed to plead a violation of the Rosenthal Act, which, as it basically mirrors the FDCPA, similarly has been held to be inapplicable to loan servicing companies. As explained above, the factual allegations that support these claims are also fatally deficient.

/ / /

/ / /

/ / /

## 2.   FACTUAL BACKGROUND

On March 23, 2010, Plaintiff (along with another unnamed party) obtained a loan from Prospect Mortgage, LLC ("Prospect"); the loan was secured by a deed of trust that designated Mortgage Electronic Registration Systems, Inc. as the "beneficiary."  RFJN, Exhibit 1.  Plaintiff alleges that BANA acted as the loan servicing company for this loan.  Comp. at ¶ 13.  Ultimately, servicing was transferred from BANA to Seterus.  *See Id.*

Plaintiff generally alleges that some combination of BANA and Seterus contacted him in a purported unlawful manner between October 30, 2012, and March 6, 2013 (there are no allegations, however, as to how many of the purported unlawful calls were placed by each of the named defendants).  *See* Comp. at ¶ 40.  Plaintiff alleges that these calls violated the FDCPA and the Rosenthal Act.

## 3.   STANDARD OF REVIEW

A motion to dismiss under Federal Rules of Civil Procedure, rule 12(b)(6), tests the legal sufficiency of the claims asserted.  *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45, 48; *Chavez v. I.N.S.* (S.D. Cal. 1998) 17 F.Supp.2d 1141, 1143.  To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is *plausible on its face.*"  *Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 556 – 57.

To determine if a complaint is "plausible," the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."  *Rescuecom Corp. v. Google Inc*. (2nd Cir. 2009) 562 F.3d 123, 127.  However, courts "are not bound to accept as true a *legal conclusion* couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, supra, 550 U.S. at 555 (emphasis added).  Further, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a *plausible* claim.  *Id.*

Typically, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint.  *See Clegg v. Cult Awareness Network* (9th Cir. 1994) 18 F.3d 752, 754.  However, material submitted with the complaint (i.e., exhibits)

may be considered as part of the complaint for purposes of a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990) 896 F.2d 1542, 1555. The Court may also consider matters that may be judicially noticed. *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504. Last, the Court may consider any and all documents mentioned in the complaint but not attached thereto. *Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454.

The Court will dismiss a claim pursuant to Rule 12(b)(6) if the complaint, when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a claim. *Conley v. Gibson* (1957) 355 U.S. 41, 45 – 46. A dismissal may be based on either: (1) a lack of cognizable legal theory; or (2) an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F.3d 1035, 1041.

### 3. THE ENTIRE COMPLAINT IS LACKING IN MATERIAL, FACTUAL ALLEGATIONS; CONCLUSIONS WILL NOT SUFFICE

The entirety of the complaint is premised on purported unlawful debt collection practices by Seterus *and* BANA concerning a secured loan obtained by Plaintiff. In sum, the complaint alleges that the defendants were aware that Plaintiff disputed the debt owed and did not wish to be contacted further concerning the debt yet the defendants continued to contact Plaintiff an unlawful number of times concerning same. However, rather than specifying the amount of calls placed by each defendant or the specific acts taken by each defendant, which would allow each defendant to determine the basis upon which their purported liability rests, Plaintiff simply lumps the defendants together and combines the acts of each defendant together for the purposes of stating a claim. Such combined and conclusory allegations are insufficient to state a viable claim for relief.

Indeed, in ruling on a motion to dismiss, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Ashcroft v. Iqbal* (2009) 556 U.S. 662 (conclusory legal allegations are not entitled to assumption of truth; they must be supported by factual

allegations); *St. Clare v. Gilead Sciences, Inc.* (*In re Gilead Sciences Sec. Litig.*) (9th Cir. 2008) 536 F.3d 1049, 1055 (court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

As explained above, in this case, Plaintiff does not plead ultimate facts related to the purported liability of each defendant, separately. Plaintiff's claims are premised on allegations that: (1) Plaintiff gave "Defendants" notice that he disputed the debt and did not wish to be contacted further regarding same; (2) "Defendants" had actual knowledge of these requests; and (3) "Defendants continued to make calls to Plaintiff from October 30, 2012 through March 6, 2013, despite the fact that they received several verbal notices to cease and desist further communications." Comp. at ¶¶ 26 – 27, 29 – 31, 40.

These allegations are demonstrative of Plaintiff's failure to plead ultimate facts as to the liability of each defendant. Rather, Plaintiff has simply grouped the defendant into one collective pot and made conclusory allegations as to the liability of all defendants, together. To provide the defendants adequate notice of the claims that are being raised against them, and to state a claim, Plaintiff must allege ultimate facts as to: (1) when he purportedly gave notice to *each* defendant that he disputed the debt and did not wish to be contacted; (2) the knowledge of *each* of the defendant as to his purported desire not to be contacted; and (3) the calls made by each defendant, rather than the total calls placed by all defendants, cumulatively. Courts have dismissed similar claims raised by plaintiffs who similarly fail to allege sufficient facts concerning the alleged unlawful contact. *See Walters v. Fid. Mortg. of Cal., Inc.* (E.D. Cal. 2010) 730 F.Supp.2d 1185, at 1203 – 04.

Plaintiff's reliance on cumulative, conclusory allegations, and failure to allege any ultimate facts as to the liability of each defendant renders the complaint insufficient.

/ / /
/ / /
/ / /
/ / /
/ / /

4

Memorandum of Points and Authorities

### 4. THE FIRST THROUGH SIXTH CLAIMS FOR VIOLATIONS OF THE FDCPA FAIL AS DEFENDANT IS NOT SUBJECT TO THE FDCPA

As explained above, the entirety of the complaint is premised on allegations that the defendants improperly contacted him, purportedly in violation of the FDCPA and the Rosenthal Act, related to alleged delinquencies on Plaintiff's home mortgage loan. The first, third, and fifth claims are based on Civil Code section 1788.17, alleging that violations of the FDCPA also constitute violations of section 1788.17 of the Rosenthal Act. Thus, liability under these claims is contingent on purported violations of the FDCPA. Further, the second, fourth and sixth claims independently assert purported violations of the FDCPA. However, all such claims must fail with respect to Defendant as "the law is well-settled . . . that creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg.* (2003) 326 F.Supp.2d 709, 718.

The FDCPA was enacted to protect consumers from abusive practices by debt collectors. *See* 15 U.S.C. § 1692, subd. (e). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or who "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a, subd. (6).

To be held liable for violation of the FDCPA, a defendant must—as a threshold requirement—fall within the FDCPA's definition of a "debt collector." 15 U.S.C. § 1692a, subd. (6); *Putkkuri v. Recontrust Co.* (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 32, at 7; *see Izenberg v. ETS Servs., LLC* C.D. Cal. 2008) 589 F.Supp.2d 1193. However, as was stated above, "the law is well-settled . . . that creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott*, *supra*, 326 F.Supp.2d at 718. Indeed, the legislative history of section 1692a(6) conclusively finds that a "debt collector" generally does not include "the consumer's creditors, *a mortgage servicing company*, or an assignee of a debt (emphasis

added).&quot; *Perry v. Stewart Title Co.* (1985) 756 F.2d 1197, 1208; *see also* S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S. Code Cong. &amp; Ad. News 1695, 1698.

Thus, since the enactment of the FDCPA, courts have *routinely* dismissed claims against loan servicing companies, like Defendant, based on the fact that such entities are not "debt collectors" within the meaning of the FDCPA as they are statutorily exempt from liability under same. *See Helper v. Washington Mut. Bank., F.A.* (C.D. Cal. 2009) 2009 U.S. Dist. LEXIS 33883; *Aguirre v. Cal-Western Reconveyance Corp.* (C.D. Cal. Jan. 30, 2012) 2012 U.S. Dist. LEXIS 12060, at 20 – 21; *see Nera v. Am. Home Mortg. Servicing, Inc.* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 68515, at 9; *see also Costantini v. Wachovia Mortg. FSB* (E.D. Cal. 2009) 2009 U.S. Dist. LEXIS 53669, at 7 – 8; *see Camillo v. Wash. Mut. Bank, F.A.* (E.D. Cal. 2009) 2009 U.S. Dist. LEXIS 100077, at 28 – 29; *Walker v. Equity 1 Lenders Group* (S.D. Ca. 2009) 2009 WL 1364430, at 7 ("[a] mortgage servicing company is not a debt collector within the meaning of the FDCPA"); *see Becker v. Wells Fargo Bank, N.A., Inc.* (E.D. Cal. 2011) 2011 WL 1103439, at 20; *Jelsing v. MIT Lending* (S.D. Cal. 2010) 2010 WL 2731470, at 5; *Angulo v. Countrywide Home Loans, Inc.* (E.D. Cal. 2009) 2009 U.S. Dist. LEXIS 103434, at 15 – 16.

As a result, the first through sixth claims, which are based on purported violations of the FDCPA, fail since Defendant is statutorily exempt from the scope of the FDCPA. Thus, the motion to dismiss these claims must be *granted with prejudice*.

**5. THE SEVENTH AND EIGHTH CLAIMS FOR VIOLATIONS OF THE ROSENTHAL ACT FAIL**

In addition to raising claims pursuant to the FDCPA, Plaintiff also asserts claims under California's companion to the FDCPA, the Rosenthal Act. However, similar to the FDCPA, and as the Rosenthal Act mirrors the FDCPA in most material respects, courts have held that loan servicers, like Defendant, are not subject to the Rosenthal Act.

Indeed, as explained by the court in *Nool v. Homeq Servicing* (E.D. Cal. 2009) 653 F.Supp.2d 1047, "[t]he absence of a violation of FDCPA results in failure of Plaintiff's California RFDCPA claim, as the scope of California's law mirrors the federal statute.

6

Memorandum of Points and Authorities

*See* Cal. Civil Code, § 1788, *et seq.*" *Id.* at 1; *Lal v. American Home Servicing, Inc.* (E.D. Cal. 2010) 680 F.Supp.2d 1218, 1224 (finding that the Rosenthal Act "does in fact mirror in the FDCPA, their intentions were the same and exclusive, and, as such, a loan servicer is not a debt collector under these acts"); *Olivier v. NDEX West, LLC* (E.D. Cal. 2009) 2009 U.S. Dist. LEXIS 74051; *Cordova v. America's Servicing Co.* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 58934; *see also Pittman v. Barclays Capital Real Estate, Inc.* (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 34885 (dismissing with prejudice plaintiff's Rosenthal Act claim since a "residential mortgage loan does not qualify as a 'debt' under the statute"); *Gallegos v. Recontrust Co.* (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 6365; *see Castaneda v. Saxon Mort. Servs.* (E.D. Cal. 2009) 687 F.Supp.2d 1191 ("[s]ince residential mortgage loans to not fall within the [Rosenthal Act], the court must grant defendants' motion to dismiss"). Even if Plaintiff could get past this general bar, Plaintiff has also failed to plead facts to establish Defendant's liability under the Rosenthal Act.

### A.  Plaintiff Has Not Plead Facts Sufficient to State a Claim Under Civil Code Section 1788.11(d)

Plaintiff has asserted a claim under section 1788.11(d) of the Rosenthal Act, which generally prohibits a party from "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called." However, as discussed above, Plaintiff has failed to plead any ultimate facts as to what unlawful acts were purportedly taken by Seterus; Plaintiff, instead simply lumps Defendant into a pot with other defendants and their actions and then concludes that all defendants violated section 1788.11(d). Indeed, Plaintiff does not plead how many calls were placed by each of the individual defendants.

This failure is only exacerbated by Plaintiff's complete reliance on his purported receipt of a total of 49 calls from the defendants as a means of stating a claim for relief. However, Plaintiff cannot simply rely on the sum of calls placed to state a claim under section 1788.11(d), particularly since Plaintiff has not alleged how many of the calls had originated from each of the defendants and the pattern of such calls. *See Joseph v. J.J. MacIntyre Companies* (N.D. Cal. 2002) 238 F.Supp.2d 1158, 1168.

7

Memorandum of Points and Authorities

Further, a "high volume of phone calls and written correspondence does not by itself constitute a violation of the RFDCPA. *Ash v. OneWest Bank, FSB* (E.D. Cal. 2010) 2010 U.S. Dist. LEXIS 5768, at 19. Rather, Plaintiff must plead and show that "the repeated calls were made with the intent to annoy, abuse, or harass." *Gorman v. Wolpoff & Abramson, LLP* (N.D. Cal. 2006) 435 F.Supp.2d 1004, 1012; *see Jiminez v. Accounts Receivable Mgmt.* (C.D. Cal. 2010) 2010 U.S. Dist. LEXIS 141780, at 11 – 12.

In this case, Plaintiff has completely failed to allege, directly or indirectly, specific facts that show that any calls were originated by Seterus with "the intent to annoy, abuse, or harass" Plaintiff. In fact, as explained above, Plaintiff has failed to allege how many, if any, of the calls were originated by Seterus and not any of the other defendants. As a result, this claim fails.

**B.    Plaintiff Has Not Plead Facts Sufficient to State a Claim for Relief Under Civil Code Section 1788.11(e)**

Plaintiff also alleges that Defendant violated Civil Code section 1788.11(e) by "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances." However, Plaintiff has not alleged any ultimate facts that would indicate that Seterus was ever *actually* in contact with Plaintiff concerning debt; while Plaintiff alleges that many calls originated from "the defendants" collectively, he fails to allege how many of these calls were originated by Seterus and how many actually resulted in contact with him. As a result, this claim fails.

Indeed, to prevail under section 1788.11(e), the plaintiff must show that there was "actual contact between the debt collector and the debtor, rather than just '[c]ausing a telephone to ring.'" *Krapf v. Nationwide Credit, Inc.* (C.D. Cal. 2010) 2010 U.S. Dist. LEXIS 57849, at 12; *Stirling v. Genpact Servs., LLC* (C.D. Cal. 2012) 2012 U.S. Dist. LEXIS 49816, at 13 – 14; *Neu v. Genpact Servs., LLC* (S.D. Cal, 2013) 2013 U.S. Dist. LEXIS 59549, at 13 – 14. As Plaintiff has not alleged sufficient ultimate facts as to such contact between himself and Seterus, this claim must fail.

## 6. THE NINTH AND TENTH CLAIMS FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT FAIL AS DEFENDANT IS NOT WITHIN THE SCOPE OF THIS STATUTORY SCHEME

Plaintiff's final two claims generally allege that Defendant unlawfully contacted Plaintiff using an "automated dialing system" and/or an "artificial or pre-recorded voice." Plaintiff alleges that such conduct violates the Telephone Consumer Protection Act (the "TCPA"). However, Plaintiff fails to allege any ultimate facts concerning such alleged conduct. Specifically, Plaintiff does not allege which of the defendants had engaged in such acts; rather, all of the defendants are simply lumped together, with the actions of one attributed to all such defendants. Indeed, Plaintiff does not plead when he received any such calls from Seterus specifically.

Further, in any event, even if such calls were initiated by Defendant, the Federal Communications Commission (the "FCC") has specifically exempted calls that seek to collect a debt, like those alleged to have been made by Defendant. Indeed, applicable FCC regulations exempt any call "made for a commercial purpose but [which] does not include or introduce an unsolicited advertisement or constitute a telephone solicitation." *Moriarity v. Nationstar Mortgage, LLC* (E.D. Cal. 2013) 2013 U.S. Dist. LEXIS 93825, at 20. In 1995, the FCC issued a Memorandum Opinion and Order clarifying that this exemption covered debt collection calls; the FCC explained:

> [P]rerecorded debt collection calls are adequately covered by exemptions adopted in our rules. Our rules explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose. ... We have specifically noted that 'prerecorded debt collection calls [are] exempt from the prohibitions on [prerecorded] calls to residences as . . . commercial calls . . . which do not transmit an unsolicited advertisement.' . . . Because the termination of an established business relationship is significant only in the context of solicitation calls, that act of

9

terminating such a relationship would not hinder or thwart creditors' attempts to reach debtors by telephone.

*Id.* at 20 – 21.  Thus, any and all of the calls alleged to have been made by Defendant are exempted from the scope of the TCPA.  *Id.*; *see Sardinas v. Geithner* (D. Nev. 2010) 2010 U.S. Dist. LEXIS 67119, at 7 – 8 (dismissing claim since "the FCC has explained that calls by entities with established business relationships with a consumer are exempt from the Telephone Consumer Protection Act"); *see also Shupe v. JPMorgan Chase Bank of Ariz.* (D. Ariz. 20112) 2012 U.S. Dist. LEXIS 54756, at 18 ("[t]he FCC has unequivocally stated that calls made solely for the purpose of debt collection are exempt under the TCPA" exceptions).  As a result, Defendant's motion to dismiss these claims must be *granted with prejudice*.

## 7. CONCLUSION

The complaint filed by Plaintiff is largely focused on purported violations of the FDCPA and the Rosenthal Act.  However, all such claims in the complaint must fail as the complaint is severely lacking in ultimate material facts.  Further, both the FDCPA and the Rosenthal Act exempt Defendant from the scope of their respective coverage, which preclude nearly every claim in the complaint.  Plaintiff's remaining claims, plead under the TCPA, similarly fail as Defendant is exempt from compliance with that statutory scheme as well.  Thus, Defendants' motion to dismiss must be granted *with prejudice*.

DATED:  January 27, 2014                          THE RYAN FIRM
                                                                          A Professional Corporation


                                                                          By:   /S/ Michael W. Stoltzman Jr.
                                                                                   TIMOTHY M. RYAN
                                                                                   MICHAEL W. STOLTZMAN JR.
                                                                                   Attorneys for Defendant Seterus, Inc.

R:\9231 Lender Business Process Services\9231-0163 Thomas May v. Seterus\LAW & MOTION\District Court\Motion to Dismiss.docx

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 30 Corporate Park, Suite 310, Irvine, CA 92606.

On January 27, 2014, I served the within document(s) described as: **NOTICE OF MOTION AND MOTION BY DEFENDANT SETERUS, INC. TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Doan Law Firm, LLP<br>Karen Spicker<br>2850 Pio Pico Drive, Suite D<br>Carlsbad, CA 92008 | Tel: 760-450-3333<br>Fax: 760-720-6082 | Attorney for Plaintiff Thomas May |
| Robert J. Gandy<br>Matthew A. Garfinkle<br>Severson & Werson<br>19100 Von Karman, Suite 700<br>Irvine, CA 92612 | Tel: 949-442-7110<br>Fax: 949-442-7118 | Attorneys for Defendant Bank of America, N.A. |
| Mark Joseph Kenney<br>Severson & Werson<br>One Embarcadero Center,<br>Suite 2600<br>San Francisco, CA 94111 | Tel: 415-398-3344<br>Fax: 415-956-0439 | Attorneys for Defendant Bank of America, N.A. |

☒ **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒ **CM/ECF** (U.S. District Court, Central District of California, Local Civil Rule 5-3.3)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 27, 2014, at Irvine, California.



_____
JODY MCLAIN

Proof of Service